UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOUGLAS D. DE MASI, SR.,

                Plaintiff,

   -against-

COUNTRYWIDE HOME LOANS, INC.,
ANGELO R. MOZILO and JILL WOSNAK,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

08 Civ. 0546 (SCR) (GAY)

On December 21, 2007, plaintiff commenced this *pro se* action in New York State Supreme Court, Dutchess County, against Country Wide Home Loans, Inc., its Chairman and CEO (Angelo R. Mozilo) and its Assistant Vice President (Jill Wosnak). On or about January 22, 2008, defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1331 on the basis of federal question jurisdiction. Plaintiff thereafter filed a motion to remand; by Report and Recommendation issued contemporaneously with the decision herein, the undersigned concluded that plaintiff clearly stated that he alleges no federal claim, and recommended that plaintiff's motion should be granted. Presently before this Court is plaintiff's request for an award of costs and fees in connection with defendants' removal of the action to federal court.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has rejected the notion that section 1447(c) requires the court to grant attorney fees and costs upon remand as a matter of course and, instead, concluded that "[a]bsent unusual circumstances, courts may award

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." See <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).

Here, I decline to exercise my discretion to award fees and costs. In the first instance, defendants had a colorable basis to believe that the instant action was removable to this Court pursuant to 28 U.S.C. § 1331. In any event, plaintiff fails to specify the amount of costs and fees to which he alleges he is entitled. Accordingly, plaintiff's motion for costs and fees is **DENIED**.

Dated: October \_\_\_\_\_, 2008  **SO ORDERED:**
       White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, I decline to exercise my discretion to award fees and costs. In the first instance, defendants had a colorable basis to believe that the instant action was removable to this Court pursuant to 28 U.S.C. § 1331. In any event, plaintiff fails to specify the amount of costs and fees to which he alleges he is entitled. Accordingly, plaintiff's motion for costs and fees is **DENIED**.

Dated: October _/_, 2008
White Plains, New York

**SO ORDERED:**

_____
GEORGE A. YANTHIS, U.S.M.J.