UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DOUGLAS D. DE MASI, SR.,

                       Plaintiff,

       -against-

COUNTRYWIDE HOME LOANS, INC.,
ANGELO R. MOZILO and JILL WOSNAK,

                       Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

08 Civ. 0546 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

On December 21, 2007, plaintiff commenced this *pro se* action in New York State Supreme Court, Dutchess County, against Country Wide Home Loans, Inc., its Chairman and CEO (Angelo R. Mozilo) and its Assistant Vice President (Jill Wosnak). On or about January 22, 2008, defendants removed this action to federal court pursuant to 28 U.S.C. § 1441. Defendants contend that removal is proper pursuant to 28 U.S.C. § 1331, because plaintiff alleges what appear to be claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Presently before this Court is plaintiff's motion to remand on the ground that the complaint asserts no federal claim. For the reasons that follow, I respectfully recommend that plaintiff's motion should be granted.[1]

---

[1] In conjunction with his motion to remand, plaintiff seeks an award of costs and fees. I have addressed plaintiff's request for fees and costs in a separate, contemporaneous, Memorandum Decision and Order.

Defendants bear the burden of demonstrating that the requirements of removal have been met.  See California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).  Here, defendants specifically point to allegations in the complaint that they harassed plaintiff in its efforts to collect on plaintiff's mortgage loan, deliberately withheld mortgage payments in order to make plaintiff's payments late, reported the late payments to the credit reporting companies and, as a result, destroyed plaintiff's credit rating. As the Second Circuit has repeatedly cautioned,"[s]ince most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel."  Taylor v. Vermont Dept. of Educ., 313 F.3d 768, 776 (2d Cir.2002) (quotation and citation omitted).  Applying this standard to the instant complaint, the Court agrees that the complaint alleges facts which, if proven, could substantiate claims under the FDCPA and the FCRA.  Nonetheless, as a basis for his motion to remand, plaintiff clearly states that he is alleging no federal claims.  Plaintiff asserts:

> 2.  The complaint alleges an intentional and outrageous course of conduct by Defendants over a period of years.  The claim as framed by Plaintiff is that Defendant, most notably Defendant Countrywide Home Loans, engaged in a course of intentional conduct, culminating in the filing and pursuit of a meritless foreclosure action, designed to inflict damages upon plaintiff. . . . Plaintiff alleges that this was done in retaliation for his refusal to re-finance his home mortgage and include $16,000 in new closing costs in the balance of the new mortgage.
> 3.  *Plaintiff makes absolutely no claim under either the Fair Debt Collections Practices Act or the Fair Credit Reporting Act.*  The action filed in state court is not founded upon federal law and should have not been removed to this court.

See Plaintiff's Motion for Remand, ¶¶ 2-3 (emphasis added).  Thus, despite how the

complaint *could* be construed, plaintiff clearly and unequivocally states that he is not pursuing any federal claim. Accordingly, I conclude, and respectfully recommend, that plaintiff's motion to remand should be granted.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended and Rule 72(b), the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: October ___, 2008
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.